UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
NEW YORK MARINE & GENERAL INSURANCE :
COMPANY, :
:
                            Plaintiff, :        21-CV-6083 (JMF)
:
                -v- :       MEMORANDUM OPINION
:           AND ORDER
THE TRAVELERS PROPERTY CASUALTY :
COMPANY OF AMERICA, :
:
                           Defendant. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this case, New York Marine and General Insurance Company ("New York Marine") sues a fellow insurance company, the Travelers Property Casualty Company of America ("Travelers"), seeking a declaration that Travelers has a duty to both defend and indemnify Omnibuild Construction Inc. ("Omnibuild") — a primary insured of New York Marine and an additional insured of Travelers — in a personal injury lawsuit pending in New York state court. Before the Court are the parties' cross-motions for summary judgment.[1] For the reasons that

---

[1]     Travelers did not file a notice of motion, as required by Local Civil Rule 7.1(a). The Court, however, construes its Memorandum of Law in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 34, to be a cross-motion for summary judgment. *See also* ECF No. 21 (setting a briefing schedule for the parties' "cross-motions for summary judgment"). In any event, a court may grant summary judgment in favor of a non-moving party even without a formal cross-motion if "(1) no genuine issue of material fact is in dispute; (2) the non-moving party is entitled to judgment as a matter of law; and (3) the moving party has had an adequate opportunity to come forward with all of its evidence." *MacDonald v. Safir*, 26 F. Supp. 2d 664, 665-66 (S.D.N.Y. 1998). As the Court's discussion below makes plain, these criteria are all satisfied here.

follow, the Court concludes that Travelers has no duty to defend or indemnify Omnibuild. Accordingly, New York Marine's motion is DENIED and Travelers' motion is GRANTED.

## BACKGROUND

The relevant facts, taken from admissible materials submitted by the parties in connection with their cross-motions, are undisputed.

Thomas McHenry worked for Alliance Mechanical Group Inc. ("Alliance"), a heating, ventilation, and air conditioning ("HVAC") subcontractor, at a construction project in New York City (the "Project"). ECF No. 35-1 ("Def.'s SOF"), ¶ 4, 16.[2] Pursuant to its subcontractor agreement, Alliance was required to obtain a general commercial liability insurance policy and name Omnibuild, the construction manager, as an additional insured. *Id.* ¶ 5; ECF No. 1-1 ("Removed Compl."), ¶ 10; *see* ECF No. 35-2 ("Subcontract"), at 29, ¶ 13.1. To comply with this requirement, Alliance purchased an insurance policy from Travelers (the "Policy"). Removed Compl. ¶ 11. As relevant here, the Policy contained a Blanket Additional Insured Endorsement, which amended the "Who Is An Insured" provision of the Policy to include "any person or organization that you agree in a 'written contract requiring insurance' to include as an additional insured." ECF No. 28-3 (the "A-I Endorsement"), ¶ 1. The A-I Endorsement qualified, however, than an additional insured is covered

> [i]f, and only to the extent that, the injury or damage is caused by acts or omissions of [the named insured] or [its] subcontractor in the performance of '[its] work' to which the 'written contract requiring insurance' applies. The

---

[2] New York Marine failed to respond to Travelers' statement of material facts, *see* Def.'s SOF ¶¶ 14-36. Accordingly, these facts are deemed admitted. *See* Local R. 56.1(c) ("Each numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

>   person or organization does not qualify as an additional insured with respect to
>   the independent acts or omissions of such person or organization.

*Id.* ¶ 1(b).  In other words, Omnibuild qualified as an additional insured only if, and to the extent that, the alleged injury or damage was caused by acts or omissions of Alliance itself (or of an Alliance subcontractor); by contrast, Omnibuild did *not* qualify as an additional insured with respect to its own independent acts or omissions.

McHenry alleges that, on February 28, 2018, he was injured while working at the Project when he "struck his head on a low hanging beam/structure" and fell down a stairwell.  Def.'s SOF ¶ 21 (internal quotation marks omitted).  McHenry filed two suits (later consolidated) in New York state court against Omnibuild and others, seeking damages for his injury and subsequent medical complications.  *Id.* ¶¶ 22-24; *see also* ECF No. 35-3 (the "Underlying Complaint"); *McHenry v. Omnibuild Construction Inc. et al.*, Index No. 521554/2019 (N.Y. Sup. Ct. amended complaint filed Feb. 10, 2021) (the "Underlying Lawsuit").  Significantly, McHenry did not name Alliance as a defendant in his lawsuits and has never alleged that Alliance was responsible in any way for his injuries.  In October 2021, however, Omnibuild and the other named defendants in the Underlying Lawsuit impleaded Alliance as a third-party defendant.  *See* ECF No. 37-4 (the "Underlying Third-Party Complaint").  To the extent relevant here, the Underlying Third-Party Complaint alleges, "[u]pon information and belief," that "the February 28, 2018 incident . . . arose out of the performance of work by" Alliance at the Project and that, "[a]s a result, any personal injuries and/or damages sustained by [McHenry] . . . was [sic] caused by the recklessness, carelessness and/or negligence of" Alliance.  *Id.* ¶¶ 26-27.

On behalf of Omnibuild, New York Marine duly tendered the Underlying Lawsuit to Travelers, *see* ECF No 37-7, which Travelers denied, *see* Def.'s SOF ¶ 35.  New York Marine then filed suit against Travelers in New York state court, seeking a declaration that Travelers had

3

a duty to defend and indemnify Omnibuild.  *See* ECF No. 1 ¶¶ 1, 3.  Thereafter, Travelers timely removed the case to this Court.  *See id*; Def.'s SOF ¶ 9.

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).  A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23); *accord PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  By contrast, to defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

## DISCUSSION

Under New York law — which the parties agree applies, *see* ECF No. 28 ("Pl.'s Mem."), at 5-7; ECF No. 34 ("Def.'s Mem."), at 5 — "[a]n insurer's duty to defend its insured is exceedingly broad." *Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 15 N.Y.3d 34, 37 (2010) (internal quotation marks omitted). An insurer must defend its insured — whether the named insured or an "additional insured" — "whenever the allegations of the complaint suggest a reasonable possibility of coverage." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 141 (2d Cir. 2014) (internal quotation marks omitted); *see also Kassis v. Ohio Cas. Ins. Co.*, 12 N.Y.3d 595, 599-600 (2009) (explaining that "'[a]dditional insured' is a recognized term in insurance contracts, and the well-understood meaning of the term is an entity enjoying the *same* protection as the named insured" (internal quotation marks omitted)). Significantly, it is "the *facts* which are pleaded [in the underlying complaint], not the conclusory assertions," that determine whether there is a duty to defend. *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 162 (1992) (emphasis added). Additionally, even where the underlying complaint does not itself suggest a reasonable possibility of coverage, an insurer has a duty to defend if "underlying facts made known to the insurer create a reasonable possibility that the insured may be held liable for some act or omission covered by the policy." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 70 (1991) (internal quotation marks omitted). "Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved in favor of the insured and against the carrier." *Euchner-USA*, 754 F.3d at 141.

Here, the parties' dispute turns on whether Omnibuild qualifies as an "additional insured," which depends, in turn, on whether its potential liability in the Underlying Lawsuit was "caused by" Alliance's "work" for Omnibuild or arose from Omnibuild's own "independent acts

5

or omissions." *Compare* Pl.'s Mem. 7-9, *and* ECF No. 36 ("Pl.s' Reply"), at 10-12, *with* Def.'s Mem. 8-14, *and* ECF No. 41 ("Def.'s Reply"), at 2-8. The meaning of "injury or damage [] caused by" the named insured, in the context of an additional insured provision, A-I Endorsement ¶ 1(b), is "well settled as a matter of New York law." *Ohio Sec. Ins. Co. v. Travelers Indem. Co. of Conn.*, No. 19-CV-1355 (AJN), 2021 WL 797670, at *3 (S.D.N.Y. Mar. 1, 2021) (Nathan, J.) (citing *Burlington Ins. Co. v. N.Y.C. Transit Auth.*, 29 N.Y.3d 313, 317 (2017)). "[W]here an insurance policy is restricted to liability for any bodily injury 'caused . . .' by the 'acts or omissions' of the named insured," as here, "the coverage applies to injury proximately caused by the named insured." *Burlington Ins. Co.*, 29 N.Y.3d at 317. Thus, insurance provisions with this language only "protect additional insureds from vicarious liability for the named insured's negligence." *Ohio Sec. Ins. Co.*, 2021 WL 797670, at *3 (citing *Burlington Ins. Co.*, 29 N.Y.3d at 326); *see also, e.g.*, *Tishman Techs. Corp. v. Travelers Indem. Co. of Am.*, 76 N.Y.S.3d 162, 164 (N.Y. App. Div. 2018) (interpreting an additional insured provision virtually identical to the one at issue here and concluding that the plaintiff "would be an additional insured only if it were vicariously liable for [the named insured's] negligence"); *Fireman's Fund Ins. Co. v. Travelers Cas. Ins. Co. of Am.*, No. 151110/16, 2017 WL 2152583, at *6-7 (N.Y. Sup. Ct. May 15, 2017).

In light of these limitations and the allegations in the Underlying Complaint, the Court easily concludes that Travelers has no duty to defend — and, by extension, no duty to indemnify — Omnibuild. *See, e.g.*, *Ogden Corp. v. Travelers Indem. Co.*, 924 F.2d 39, 42 (2d Cir. 1991) ("[Where] there is no duty to defend, there also is no corresponding duty to indemnify."). *Nowhere* does the Underlying Complaint allege that Alliance was proximately responsible for McHenry's injury and that Omnibuild is therefore vicariously liable. Indeed, McHenry mentions

Alliance only in passing and, even then, just to note that Alliance was his employer and was subcontracted to perform HVAC work for the Project. Underlying Complaint ¶¶ 90-98. McHenry does not allege that Alliance was responsible for the "low hanging beam/structure" on which he struck his head. *Id.* ¶ 101. Nor could he, as Alliance was responsible solely for HVAC work on the Project and not for maintaining the workspace or any other construction being done. *See* Def.'s SOF ¶¶ 18-20. This is fatal to Plaintiff's arguments, as "New York courts have generally held that additional-insured provisions do not cover claims by an employee of the named insured for an injury caused by a dangerous condition on premises controlled by an additional insured." *Ohio Sec. Ins. Co.*, 2021 WL 797670, at *3; *see id.* at *3-6 (holding in nearly identical circumstances that a contractor, property owners, and construction manager did not qualify as "additional insureds" under an HVAC subcontractor's insurance policy).

Significantly, New York Marine does not seriously argue otherwise. Instead, it floats fanciful theories for how Alliance could conceivably have caused McHenry's accident. *See, e.g.*, Pl.'s Reply 10. But these theories are not rooted in the Underlying Complaint or elsewhere in the record and, thus, do not trigger a duty to defend. *See, e.g.*, *Spandex House, Inc. v. Hartford Fire Ins. Co.*, 407 F. Supp. 3d 242, 249 (S.D.N.Y. 2019) ("'[U]nsubstantiated speculation' about facts that may be alleged or adduced in the underlying litigation does not trigger a duty to defend." (citing authorities)), *aff'd*, 816 F. App'x 611 (2d Cir. 2020) (summary order). Alternatively, New York Marine relies on the Underlying Third-Party Complaint — filed by Omnibuild, its own insured — to claim that Alliance might be responsible for McHenry's injury. *See* Pl.'s Mem. 9-11. But, contrary to New York Marine's apparent assumption, the mere fact that a third-party complaint was filed does not automatically trigger Traveler's duty to defend. Instead, the Court must look at the "*facts* that are pleaded" in the Underlying Third-Party

7

Complaint, "not the conclusory assertions," *Allstate Ins. Co.*, 79 N.Y.2d at 162 (emphasis added), to determine if they "suggest a *reasonable* possibility of coverage," *Euchner-USA*, 754 F.3d at 141 (emphasis added). They do not. Indeed, the Underlying Third-Party Complaint contains no *facts* suggesting a "reasonable possibility" that Alliance was responsible for McHenry's accident. Instead, it merely asserts in conclusory fashion that "any personal injuries and/or damages sustained by [McHenry] . . . was [sic] caused by the recklessness, carelessness and/or negligence of [Alliance]." Underlying Third-Party Complaint ¶ 27. That does not trigger Traveler's duty to defend Omnibuild. *See, e.g.*, *Sphere Drake Ins. Co. v. 72 Centre Ave. Corp.*, 657 N.Y.S.2d 65, 66 (N.Y. App. Div. 1997) (finding no duty to defend where the plaintiff alleged "negligence" by the defendant in the underlying complaint but "[t]he motion papers d[id] not suggest the least evidentiary support for the conclusory characterizations of [negligence]"); *Monter v. CNA Ins. Cos.*, 608 N.Y.S.2d 692, 693 (N.Y. App. Div. 1994) (same).

In theory, that does not end the inquiry because, separate and apart from the allegations in the underlying pleadings, Travelers would have an obligation to defend Omnibuild if it knew of "underlying facts" suggesting that Alliance was proximately responsible for McHenry's injury. *See Fitzpatrick*, 78 N.Y.2d 61 at 70; *Ohio Sec. Ins. Co.*, 2021 WL 797670, at *4 ("Either facts pled in the complaint *or* those otherwise known to the insurer may suggest a reasonable possibility of coverage." (emphasis added)). But New York Marine makes no argument for coverage on that score and, thus, has forfeited it. And, in any event, there is no evidence in the record suggesting that Travelers had such knowledge. McHenry's bill of particulars (ECF No. 40-6), injury report form (ECF No. 40-10), and employee claim form (ECF No. 40-11) all allege

that a poorly placed beam was the cause of his injury; none point the finger at Alliance.[3] *See also* Def.'s Reply 7-8. Moreover, an email from McHenry's counsel to Omnibuild explicitly stated that "Alliance only does HVAC and the condition [that caused McHenry's injury] has nothing to do with HVAC." ECF No. 35-8. Thus, the "underlying facts" do not "suggest a reasonable possibility of coverage" either. *Euchner-USA*, 754 F.3d 136 at 141.

## CONCLUSION

For the foregoing reasons, Travelers has neither a duty to defend nor indemnify Omnibuild in the Underlying Lawsuit. Accordingly, New York Marine's motion for summary judgment is DENIED, and Travelers' motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate ECF No. 28, to enter judgment consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: September 29, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

---

[3] The Court temporarily granted New York Marine's motion to seal ECF Nos. 37-6, 37-10, and 37-11 because they contain personally identifiable information. *See* ECF No. 39. Because New York Marine filed appropriately redacted versions of the exhibits at ECF Nos. 40-6, 40-10, and 40-11, respectively, the Court concludes that the exhibits under seal should remain so.